UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case Nos.: 3:11CR261 |
| | ) | |
| Plantiff, | ) | |
| v. | ) | Judge Jack Zouhary |
| | ) | |
| | ) | |
| RODNEY L. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Now comes the United States of America, by and through its counsel, Steven M. Dettelbach, United States Attorney, and James V. Moroney, Assistant United States Attorney, and respectfully files its Sentencing Memorandum in this case.

**The Defendant's April 25, 2012, Letter to the Court**

The Defendant Rodney L. Brown wrote a letter to the Court, dated April 25, 2012. In the letter, he raises a legal challenge to his guilty plea on Count 2 of the indictment. Defendant blames his lawyer for not thoroughly researching the law relating to the Mann Act, 18 U.S.C. § 2421, and while admitting that he's "not claiming I wasn't at fault for my actions," and that he takes the "UTMOST FULL RESPONSIBILITY" (his emphasis), for his wrong doing, he claims he cannot be sentenced on Count 2 because he never crossed a state line. Defendant says he "may not be able to have count 2 remove (sic) from his plea agreement," but claims he shouldn't be wrongfully imprisoned for a Mann Act charge when the law wasn't violated.

Defendant cites the text of the Mann Act as of 1994, and also cites a 1917 case from Montana, and a 1944 case from an Iowa district court. The short answer to Defendant's objection is that the statute itself includes the language "or attempts to do so." It is clear that Defendant is guilty of an attempted violation of the Mann Act with respect to the transportation of Selma Hasanovic on April 5, 2011. He directly admitted his guilt to this charge in paragraph 19 (final paragraph) of his plea agreement, as reiterated in ¶ 21 of the presentence report. Further, in ¶ 40 of the presentence report, he again admitted his guilt in stating that he booked the hotel room at the Wyndham Hotel in Indianapolis with his debit card, and he "reluctantly acknowledged that Selma was going to be prostituting in Indianapolis." Incredibly, he admitted to yet another attempt in that same paragraph when he said after three days in Indianapolis, "the couple planned to travel to Chicago for similar activity."

The conclusion is clear that from the moment Defendant set out from his home in Toledo, Ohio, on April 5, 2012, he was driving Selma Hasanovic to Indianapolis, Indiana, for her to engage in prostitution.

Treating the Defendant's letter as a request to withdraw his guilty plea to Count 2, he has not advanced any fair and just reason for a withdrawal, under Rule 11(d)(2)(B) of the federal Rules of Criminal Procedure. Moreover, Defendant has waited far too long to request withdrawal: his guilty plea was entered January 23, 2012, and his letter was dated April 25, 2012, roughly 90 days after the plea. While no particular time period is determinative, the Sixth Circuit has "frequently relied" on shorter delays, as brief as 35 days, "for upholding a withdrawal denial." United States v. Dixon, 479 F.3d 431, 436 (6th Cir. 2007), citing United States v.

2

Durham, 178 F.3d 796, 799 (6th Cir. 1999)(77 days too long).  See also, United States v. Baez, 87 F.3d 805, 808 (6th Cir. 1996)(67 days too late to withdraw plea); United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir. 1994)(six weeks after plea too long to seek withdrawal of plea); United States v. Goldberg, 862 F.2d 101, 104 (6th Cir. 1988)(55 days to request withdrawal, too late); United States v. Spencer, 836 F.2d 236, 240 (6th Cir. 1987)(five weeks too long to wait to request plea withdrawal).

Defendant Brown should be sentenced on his guilty pleas to Count 2, and Count 6.

**The Advisory Sentencing Guidelines Range**

Defendant in his plea agreement refused to commit to a particular advisory guidelines range (see Plea Agreement, ¶ 14).  In the plea colloquy, counsel for the United States advised that the prosecution viewed the appropriate offense level as offense level 18, after subtraction of three levels for acceptance of responsibility.  Both parties were estimating a criminal history category of III, and accordingly counsel for the United States asserted an advisory sentencing range of 33-41 months.  The Defendant felt it was lower.  The Plea Agreement further stated at ¶ 17 that there was no agreement as to criminal history, and that "the Criminal History Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office."

The Court before taking Defendant's guilty plea advised Defendant that if the guidelines computations came out higher than the Defendant expected, the Defendant would not be permitted to withdraw his pleas.  The Court's statements in this regard reflected ¶ 23 of the Plea Agreement, which provides that "the Court alone will decide the advisory guideline range under

the Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside the advisory guideline range, and what sentence to impose."

Counsel for the United States remains of the view that the appropriate adjusted sentencing guidelines range is 18, computed as follows: the base offense level for Count 6, the gun charge, is 20, and the base offense level for Count 2, the attempted Mann Act charge, is 14. These charges do not merge, and under the multiple count computation provisions, U.S.S.G.§ 3D1.4, there is a one offense level increase added to the higher base offense level (with Count 2 being 5-to-8 levels less serious than Count 6, there are 1 &1/2 units providing for the one level increase). From an adjusted offense level 21, 3 levels are subtracted for acceptance of responsibility.

The United States' position differs from the Presentence Report in not adding additional multiple count levels for Mann Act violations in Counts 3 and 4, which are being dismissed.

The Presentence Report finds 11 criminal history points, placing Defendant in Category V. The United States agrees with that computation. Accordingly, if the Court accepts the U.S. position on the offense level, at 18, and the PSR determination of Criminal History Category, at V, the appropriate sentencing range is 51-63 months.

**Sentencing Recommendation and Section 3553(a) Factors**

The Court's attention is called to 18 U.S.C. § 3553(b)(2), in light of the fact that the offense charged in Count 2 is within Chapter 117 of Title 18 of the United States Code. Section 3553(b)(2) would appear to call for sentencing within the determined guideline range, unless the

Court were to find an aggravating or mitigating circumstance of a kind, or to a degree, not taken into consideration by the Sentencing Commission. The United States suggests there is no such mitigating circumstance present in this case.

As to the position of the United States on sentencing, in light of the Section 3553(a) factors, the sentence ought to be at the highest level of the range determined. As to the nature and circumstances of the offense, regardless of the Court's position as to the existence of "force, fraud, or coercion" as to Selma Hasanovic, deriving financial benefit from the prostitution of any female is predatory behavior that warrants a severe sanction.

As to the history and characteristics of the Defendant, again a severe sentence is warranted. The Defendant scores in CH Category V; there are many violations which are not scored. There is significant "Other Criminal Conduct" in the PSR at ¶¶ 120-139, which incorporates numerous failure to appear warrants. Moreover, the PSR notes at ¶ 161 that the "defendant does not have any verifiable employment history. He has never worked regularly at a job where he received a company pay check." In ¶ 41, defendant admits "he earned most of his money selling drugs, but he previously earned small amounts of money from his association with prostitution." Finally, analysis of recorded jail calls while Defendant has been in pretrial detention reveal that he has continued to deal drugs, often through family members.

Only a sentence at the highest end of the determined range will deter future criminal conduct by this Defendant, and protect the public from further criminal activity.

                        Respectfully submitted,

                        STEVEN M. DETTELBACH
                        United States Attorney

By:    /s/James V. Moroney
         James V. Moroney, 0019064
         Assistant U.S. Attorney
         U.S. Court House, Suite 400
         801 West Superior Avenue
         Cleveland, Ohio  44113-1852
         Tel. No.:  (216) 622-3827
         Fax No.:  (216) 522-4041
         james.moroney@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that on May 24, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                       /s/James V. Moroney
                                                       James V. Moroney
                                                       Assistant U.S. Attorney